IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES ALPHONSO MOORE, #1072031 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv198 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner James Alphonso Moore, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Grayson County conviction for possession of a controlled substance, Cause Number 56264-59. After pleading guilty on April 10, 2008, Petitioner was sentenced to ten years's confinement. He did not appeal the judgment or file a petition for discretionary review. On April 1, 2009, Petitioner filed a post-conviction state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals (CCA) denied without written order on January 6, 2010.

The present petition for a writ of habeas corpus was filed on April 19, 2010. Petitioner fails to specify the date that he placed the petition in the prison mail system. However, he states that he executed the petition on April 13, 2010; thus, April 13 is the earliest date that Petitioner could have placed the petition in the prison mail system. Accordingly, it is deemed filed on April 13, 2010. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). He alleges that he is entitled to relief based on ineffective assistance of counsel, insufficient enhancement allegations, invalid plea agreement, and

prosecutorial misconduct. This Court filed a Report and Recommendation, recommending that the petition be denied and dismissed as it was time-barred. After considering Petitioner's objections, the instant Report and Recommendation was filed. The Director was not ordered to file a Response.

<u>Antiterrorism and Effective Death Penalty Act of 1996</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, Petitioner is challenging his conviction from April 10, 2008. Although he failed to so state, the state court did not sentence him until May 15, 2008. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. He did not file a notice of appeal, thus the conviction became

---

[1]The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

final thirty days later, on June 14, 2008. Tex. R. App. P. 26.2 (Vernon 2000). *See also Rodarte v. State*, 840 S.W.2d 781 (Tex. App. – San Antonio 1992), *affirmed*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Accordingly, the one year limitations period started running at that time and the present petition was due no later than June 14, 2009, in the absence of tolling provisions. It was not filed until April 13, 2010, nine months and thirty days beyond the limitations period.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner filed a post-conviction state application for a writ of habeas corpus on April 1, 2009, which the Texas Court of Criminal Appeals (CCA) denied without written order on January 6, 2010. The state application was pending for 280 days; thus, the statue of limitations was tolled for 280 days, extending the deadline for filing the present federal petition to March 21, 2010. The present petition was filed on April 13, 2010 – 23 days beyond the extended deadline. The petition is thus time-barred in the absence of any other tolling provisions.

In his objections to the initial Report and Recommendation, Petitioner alleges that he is entitled to equitable tolling because his counsel was ineffective. Specifically he complains that his attorneys "mislead" him and "abandoned the applicant's appeal without informing the applicant." The Texas Court of Criminal Appeals found this assertion to be meritless when it denied his state writs of habeas corpus. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000). Moreover, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

The United States Supreme Court recently confirmed that the AEDPA statute of limitation

3

is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In the instant case, Petitioner waited more than eleven (11) months between being sentenced and filing his state writ of habeas corpus. He has made no showing that unconstitutional State action prevented him from seeking administrative or state or federal habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. Neither has he shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time. In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations. Consequently, the petition should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to his claims.

Recommendation

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied and the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 14th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE